**U.S. Department of Justice**



*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 28, 2008

BY HAND DELIVERY
Hon. Debra C. Freeman
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 525
New York, NY 10007

MAR 3 1 2008

**MEMO ENDORSED**

Re:    Singh v. Chertoff, et al.,
       07 Civ. 10700 (DCF)

Dear Judge Freeman:

The Government respectfully submits this letter to update the Court on the status of the above-referenced case. The parties have consented to proceed before Your Honor for all purposes.

Pro se plaintiff Harmeet Singh ("Singh") filed this complaint in November 2007, seeking to compel United States Citizenship and Immigration Services ("CIS") to adjudicate his wife's Form I-130 application for adjustment of Singh's status based on his marriage to a United States citizen. Singh alleges that his wife is a United States citizen, that she filed the Form I-130 application on his behalf in March 2005, and that CIS has unreasonably delayed the adjudication of the application.

The Government believes that the Court lacks subject matter jurisdiction over this case. Notwithstanding that belief, in an effort to resolve this matter, after the complaint was filed this Office contacted CIS to inquire as to the status of the Form I-130 application at issue. Shortly thereafter, CIS scheduled an interview of plaintiff and his wife, which was to have taken place on Monday, March 24, 2008, at 10 a.m. The interview is a necessary prerequisite for adjudication of the application, which would have mooted this case.

At approximately 3 p.m. on March 24, this Office was informed by CIS that plaintiff's wife failed to appear for the interview that had been scheduled for that morning. The interview must now be rescheduled and there will be considerably more delay before the application can be adjudicated.

Accordingly, the Government intends to move to dismiss the complaint for lack of jurisdiction. Courts in this district have consistently held that they lack jurisdiction over claims

relating to an alien's immigration status. See, e.g., Vladagina v. Ashcroft, No. 00 Civ. 9456 (DAB), 2002 WL 1162426, at *4 (S.D.N.Y. Apr. 8, 2002) (no jurisdictional basis to compel adjudication of adjustment adjudication); Keane v. Chertoff, 419 F. Supp. 2d 597, 600 (S.D.N.Y. 2006); Espin v. Gantner, 381 F. Supp. 2d 261, 265 (S.D.N.Y. 2005); Hanif v. Gantner, 369 F. Supp. 2d 502, 505-06 (S.D.N.Y. 2005); Zheng v. Reno, 166 F. Supp. 2d 875, 880-81 (S.D.N.Y. 2001); Sadowski v. INS, 107 F. Supp. 2d 451, 454 (S.D.N.Y. 2000).

Although no affidavit of service has been filed on the Court's docket, it appears from my files that this Office was served on November 20, 2007, and that the Government's answer was therefore due on January 21, 2008. I inadvertently failed to file a response or seek an extension, and I apologize to the Court and the plaintiff for the mistake. The Government respectfully requests an additional thirty days, until April 28, 2008, to submit its motion to dismiss.

I thank the Court for its consideration of this request.

SO ORDERED:    DATE: 4/1/08

DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

By:

DAVID BOBER
Assistant United States Attorney
(212) 637-2718

cc:    Harmeet Singh (via regular mail)